Oldham J., delivered the opinion of the court. From an inspection of the record in this case it appears that the appellant did every thing required of him by law to entitle him to an appeal. He made the necessary affidavit, prayed for his appeal within the time limited, and entered into a recognizance, conditioned according to law, with security which was approved by the justice of the peace before granting the appeal. • The circuit Gourt had no authority to require additional security for the appeal after the case came into that court. The law makes it the duty of the justice of the peace to receive the recognizance and approve the security before granting the appeal. Rev. Stat. ch. 8, sec. 172. When there is no recognizance, or the recognizance is defective, such an one as the appellant should have entered into before the justice may be given in the circuit court, before a motion to dismiss shall be determined. The only additional security which the circuit court has power to require and, upon failure to give it, to dismiss the suit, is for costs as provided by the Rev. Stat. ch. 34, sec. 3, 4, 5. The circuit court therefore erred in ruling that the appellant give security for the appeal, and also in dismissing the appeal for the non-compliance with the rule so made. The court also erred in rendering judgment against the appellant and his' security upon the order dismissing the appeal. Such a judgment is authorized only “when the judgment of the justice is affirmed or upon a trial anew in the circuit court, the judgment shall be against the appellant.” Rev. Stat. eh. 87, sec. 187. The judgment of the circuit court must therefore be reversed, and the cause be remanded to that court for a trial ele novo upon the merits.